[Cite as *State v. Monsour*, 2014-Ohio-1607.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 27039 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| TIMOTHY C. MONSOUR | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 13 02 0389 |

DECISION AND JOURNAL ENTRY

Dated: April 16, 2014

HENSAL, Judge.

{¶1} Timothy Monsour appeals his conviction for criminal damaging from the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} Steve Cavanaugh, an assistant pastor at the Community Baptist Temple, testified that, on November 16, 2012, he was driving with his family by a building that the church had been remodeling when he noticed a flatbed tow truck on the side of the building. He drove over to see what was going on and saw that there were straps from the truck hooked onto one of the building's heating units. He also saw that the heating unit had been pulled away from the building, that some electrical wires had been disconnected, and that the gas line had been cut and bent. Near the truck were two men of different ages. Mr. Cavanaugh testified that he asked the men if he could help them, and the older man replied that they were taking the unit for scrap. When Mr. Cavanaugh explained that it was "obviously not scrap," the man mumbled something,

removed the straps from the unit, and the two men drove away. Mr. Cavanaugh's wife, meanwhile, took down the license plate of the truck. Police determined that the truck belonged to one of Mr. Monsour's relatives. After Mr. Cavanaugh identified Mr. Monsour from a series of photographs as the younger of the two men that had attempted to take the heating unit, the Grand Jury indicted him for vandalism. Mr. Monsour waived his right to a jury trial, the trial judge found him guilty of the lesser-included offense of criminal damaging, and the court sentenced him to 60 days in jail and two years of community control. Mr. Monsour has appealed his conviction, assigning two errors.

## II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY IMPROPERLY ADMITTING HEARSAY TESTIMONY AT TRIAL.

{¶3} Mr. Monsour argues that the trial court improperly allowed Mr. Cavanaugh to testify that the older of the two men he saw at the church's building told him that "[w]e are just taking this unit for scrap." Mr. Monsour argues the statement was hearsay because it demonstrated that he and the other man were attempting to move the unit, and one of the elements the State had to prove was that he knowingly caused physical harm to the property of another. Mr. Monsour also argues that the trial court's finding that the State met its burden was based, to some measure, on the fact that the older man "had admitted to moving, and thereby damaging, the unit." We review the trial court's decision to allow Mr. Cavanaugh's testimony for an abuse of discretion. *State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the syllabus ("The admission or exclusion of relevant evidence rests within the sound discretion of the trial court."); *State v. Hand*, 107 Ohio St.3d 378, 2006-Ohio-18, ¶ 92. An abuse of discretion

means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶4}** "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Consequently, a prior statement is not hearsay if it is not offered in evidence to prove the truth of the matter asserted. *State v. McDonald*, 9th Dist. Medina No. 12CA0093-M, 2013-Ohio-4972, ¶ 40. The State argues that Mr. Cavanaugh's statement was not offered for the truth of the matter asserted. It also argues that, even if the statement was hearsay, it was admissible under the exception for present sense impressions. *See* Evid.R. 803(1).

**{¶5}** It is not necessary to resolve whether Mr. Cavanaugh's testimony was hearsay or fell within an exception to the hearsay rule because any error from the admission of the testimony was harmless under Criminal Rule 52(A). What Mr. Cavanaugh saw when he drove over to the church building was just as probative, if not more so, as what the man said to him. According to Mr. Cavanaugh, when he arrived at the side of the building, he saw that a heating unit had been pulled away from the building, that electrical wires had been disconnected, and that the gas line had been cut and bent. He also saw that there were straps from the tow truck hooked onto the unit. He further testified that, after he told the men that the unit was not scrap metal, they undid the straps and drove away in the tow truck. According to Mr. Cavanaugh, "[i]t was obvious that the intent of the vehicle * * * was to remove the unit from the slab it was on." We agree that it can be inferred from Mr. Cavanaugh's observations alone that the men used the tow truck to move the heating unit, which Mr. Cavanaugh testified caused damage to it. The older man's statement about their intentions was merely cumulative evidence. *See State v. Tramble*, 9th Dist. Lorain No. 97CA006928, 1999 WL 33806 *2 (Jan. 27, 1999); *State v. Pierce*,

9th Dist. Summit No. 17684, 1997 WL 72098 *2 (Feb. 12, 1997). We, therefore, conclude that any error in allowing the testimony was harmless. *See State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 59. Mr. Monsour's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION FOR CRIMINAL DAMAGING OR ENDANGERING.

{¶6} Mr. Monsour next argues that the State did not present sufficient evidence to support his conviction. In particular, he argues that it failed to present evidence that he knew his conduct would cause physical harm to the property of another. He argues that, since he believed the heating unit to be merely scrap metal, he could not have thought that moving the unit would cause any damage to it.

{¶7} Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "Circumstantial evidence and direct evidence inherently possess the same probative value * * *." *Id*. at paragraph one of the syllabus.

{¶8} In order to convict Mr. Monsour of criminal damaging, the State had to prove beyond a reasonable doubt that he knowingly caused or created "a substantial risk of physical

harm to any property of another without the other person's consent[.]" R.C. 2909.06. "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶9} From what Mr. Cavanaugh observed, it can be inferred that Mr. Monsour and the other man disconnected the heating unit's electrical connections, cut and bent the building's gas line, and used the tow truck to pull the heating unit away from the concrete slab where it was located. While there is no direct evidence of Mr. Monsour's intent, it can be inferred from his actions and the surrounding circumstances. Viewing the evidence in a light most favorable to the prosecution, there is sufficient evidence that Mr. Monsour knew that dislodging and pulling the unit from the building and trying to take it away created a substantial risk of harm to the unit. Accordingly, we conclude that there was sufficient evidence to support his conviction. Mr. Monsour's second assignment of error is overruled.

III.

{¶10} Mr. Monsour's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

―――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

NICHOLAS J. HORRIGAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.